Marc A. Appel, Esq., #010759
**APPEL LAW OFFICE, P.L.L.C.**
10601 N. Hayden Rd., Suite I-103
Scottsdale, Arizona 85260
(480) 315-1217
Attorney for Defendant Mohave County

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LEILA LEE JOHNSON, a single woman as trustee of the CLARENCE FRANCIS JOHNSON LEILA LEE JOHNSON REVOCABLE LIVING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MOHAVE, a Political Subdivision of the State of Arizona; T. & F. ENTERPRISES, INC., an Arizona Corporation, DOES I – X; ABC ENTITIES I - X,<br><br>Defendants. | No. CV08-8018-PCT-ECV<br><br>**MOHAVE COUNTY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

## MOHAVE COUNTY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

The plaintiff argued to the state court in her Motion to Reconsider that the dismissal of Count One of her Complaint was improper because, although in-artfully plead, Count One actually alleged a 42 U.S.C. §1983 claim. While the state court found that the dismissed Count One could be read to allege a 42 U.S.C. §1983 claim,

it also found that the dismissed Count One could just as easily be read to allege an unjust taking claim.[1]

Now that the plaintiff has won a second bite at the apple -- the opportunity to pursue a 42 U.S.C. §1983 claim -- she wants to deny Mohave County its right to remove that claim to federal court. The plaintiff's position is untenable and relies upon a tortured reading of the state court's Order granting her Motion to Reconsider the dismissal of Count One. What the Order specifically states is that:

> The Court initially notes that the Complaint is very poorly drafted. On the one hand, Count One alleges damages for the taking of aggregate from the Plaintiff's property. A fair reading of the allegations would indicate that this would be a 42 U.S.C. §1983 claim. However, Count One is entitled as a condemnation or inverse condemnation case. Additionally, the prayer requests damages for the governmental taking. Therefore, a likewise fair reading is that the Plaintiff was seeking to have a Judgment entered for the taking of the real property as a result of the removal of the aggregate.

The court goes on to conclude that (as of January 24, 2008):

> [T]he Plaintiff is seeking damages for the removal of aggregate and, as such, falls within the purview of 42 U.S.C. §1983. . . . However, given the way the Complaint is drafted, and given the Defendant's right to have the matter removed to Federal District Court should they so desire as the Court is interpreting the Complaint as alleging damages for the taking of aggregate under 42 U.S.C. §1983 . . . [the Count orders] the Plaintiff to amend the Complaint as to Count One only to fully and completely allege damages under 42 U.S.C. §1983. . . .

Implicit in the court's order is its conclusion that until such time as it

---

[1] In fact, the Court itself understood Count One to be an unjust taking claim when it originally found Count One subject to Arizona's notice of claim statute and dismissed it.

actually granted the plaintiff's Motion to Reconsider, Count One was not removable because it had been dismissed. Therefore, because there was no ruling on the plaintiff's motion until January 24, 2008, the only count of the plaintiff's state court Complaint that would have allowed for removal had been dismissed. Therefore, the plaintiff's argument would have required an unnecessary waste of judicial resources because it would have required Mohave County to request a federal court to rule on removal when the threshold question of whether Count One should remain dismissed had not yet been decided.

That said, the only real legal issue is whether the <u>filing</u> of the plaintiff's Motion to Reconsider the dismissal of Count One made the case removable, even though the state court had not yet <u>ruled</u> on whether or not Count One should remain dismissed. That question is governed by 28 U.S.C. § 1446(b):

> . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

Thus, resolution of the issue turns upon whether the plaintiff's Motion to Reconsider the dismissal of Count One is a motion from which it may first be ascertained that the case is one which is or has become removable within the meaning of the statute.

While Mohave County has not found any removal case law dealing with a Motion to Reconsider a dismissed complaint, there is a body of case law involving motions to amend complaints to include a federal claim. Those cases are analogous to the case at bar. In those cases, the majority of courts that have considered the effect

of a motion to amend a complaint to add a federal claim in state court have concluded that such a motion does not start the thirty day deadline for filing a notice of removal in federal court. *See e.g., Bolden v. McMillian, et al.,* 2006 U.S. Dist. LEXIS 90200; *Owings v. Deere and Company, et al.,* 441 F. Supp. 2d 1011, 2006 U.S. Dist. LEXIS 53368. In those cases, the courts have generally held that the removal clock begins to run either from the date the motion to amend is <u>ruled upon</u> or the date the plaintiff <u>actually files an amended complaint.</u> *Id.*

In the case at bar, the thirty day deadline for filing a notice of removal in federal court was triggered, at the earliest, on January 24, 2008, the day the state court issued its Order reviving the previously dismissed Count One and ordered the plaintiff to amend that Count to fully and completely state a 42 U.S.C. §1983 claim.

DATED this <u>22nd</u> day of February, 2008.

                                        APPEL LAW OFFICE, P.L.L.C.


                                        By <u>/s/ Marc A. Appel</u>
                                           Marc A. Appel, Esq.
                                           10601 N. Hayden Rd., Suite I-103
                                           Scottsdale, Arizona  85260
                                           Attorney for Defendant Mohave County

**ORIGINAL** of the foregoing filed electronically
this <u>22nd</u> day of February, 2008, with:

United States District Court
District of Arizona
U.S. Post Office Building
101 W. Goodwin St.
Prescott, AZ  86303

1  **COPY** of the foregoing mailed
   this 22nd day of February, 2008, to:

2

3  Kevin Koelbel, Esq.
   Lisa Counters, Esq.
   Counters & Koelbel, P.C.
4  7303 W. Boston St.
   Chandler, AZ 85226
5  Attorneys for Plaintiff

6

7  James M. McGee, Esq.
   Attorney at Law
   PO Box 460
8  Cottonwood, AZ 86326
9  Attorney for Defendant T & F
       Enterprises, Inc.

10

11 /s/ Heather Coover

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-5-