**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LEILA LEE JOHNSON, a single woman) as trustee of the CLARENCE FRANCIS) JOHNSON LEILA LEE JOHNSON) REVOCABLE LIVING TRUST, ) ) Plaintiff, ) ) vs. ) ) COUNTY OF MOHAVE, a political) subdivision of the State of Arizona, T. &) F. ENTERPRISES, INC., an Arizona) Corporation, DOES I-X, ABC ENTITIES) I-X, ) ) Defendants. ) ) _____) | No. CV 08-8018-PCT-MHM **ORDER** |

Currently before the Court are Plaintiff Leila Lee Johnson's motion to remand (Dkt. #12) and Defendant County of Mohave's ("Mohave County") motion for summary judgment (Dkt. #15). After carefully reviewing the pleadings and holding oral argument on July 24, 2008, the Court issues the following Order.

**I.     BACKGROUND**

On March 14, 2006, Plaintiff Leila Johnson, as trustee of the Clarence Francis and Leila Lee Johnson Revocable Living Trust, filed a complaint against Defendant Mohave County in the Superior Court of the State of Arizona, asserting claims of governmental taking under eminent domain and inverse condemnation, trespass, conversion, and unjust

1   enrichment. (Complaint, Dkt. #1-10). Specifically, Plaintiff alleges that "Defendant County

2   of Mohave and/or Defendant T & F Enterprises entered onto Plaintiff's property and

3   removed an estimated 18,285 cubic yards of top soil and dirt from the property described as

4   Lake Mohave Ranchos Unit 11 amend lot 130 over a period of time, lasting on or about the

5   Spring of 1999 through the Winter of 2001.  The top soil removed from the property was

6   used as aggregate road materials for the roads in Mohave County, Arizona."  (Dkt. #1-10,

7   ¶9).  Plaintiff states that she discovered the damage to her property on or around the fall or

8   winter of 2004, having last visited the property in the spring of 1999. (Id., ¶11).  Thereafter,

9   on September 13, 2005, Plaintiff filed a claim against Mohave County in the amount of

10  $350,000.00, plus attorney fees and interest, due to the deteriorated condition of her land;

11  Mohave County did not provide a response within or after sixty days of the filing of the

12  claim.  (Id., ¶13).

13      On September 15, 2006, the state court dismissed Plaintiff's claim of governmental

14  taking under eminent domain and inverse condemnation for failure to comply with the State

15  of Arizona's notice of claim statute, A.R.S. § 12-1841.  Plaintiff subsequently filed a motion

16  to reconsider that ruling on October 31, 2007, asserting that her claim, although "inartfully

17  captioned," was improperly dismissed because "the claim was not for the taking of any title

18  or interest in real property, but for the physical taking of dirt from the property."  (Dkt. #12,

19  p.2).  Plaintiff asserts that her complaint stated a claim against Mohave County under 42

20  U.S.C. § 1983, a claim that is not subject to dismissal under Arizona's notice of claim statute.

21  (Id; Dkt. #31, p.2 n.1).  On January 24, 2008, the state court granted Plaintiff's motion to

22  reconsider, finding that although Plaintiff's claim was entitled "inverse condemnation," "[a]

23  fair reading of the allegations would indicate that this would be a 42 U.S.C. § 1983 claim,"

24  because the complaint "alleges damages for the taking of aggregate from the Plaintiff's

25  property." (Dkt. #13, p.2).  As such, the state court granted leave for Plaintiff to amend her

26  complaint to "fully and completely allege damages under 42 U.S.C. § 1983."  (Id.).

27      Thereafter, on February 12, 2008, before Plaintiff filed her amended complaint,

28  Mohave County removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.

(Dkt. #1).  In response, on February 15, 2008, Plaintiff filed a motion to remand the case to state court.  (Dkt. #12).  In addition, on March 3, 2008, Mohave County filed a motion for summary judgment dismissal of the case in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP").  (Dkt. #15).

## II.    PLAINTIFF'S MOTION TO REMAND

Plaintiff requests that the Court remand the case to state court because her complaint stated a claim arising under the Fifth Amendment to the U.S. Constitution, and thus the thirty (30) day allowance for removal under 28 U.S.C. § 1446(b) commenced on March 18, 2006, when Mohave County received the complaint.  (Dkt. #14, p.2 n.1).  In the alternative, Plaintiff requests that the Court remand the case because her October 31, 2007 motion to reconsider is "unequivocal" that her complaint also stated a federal claim under 42 U.S.C. § 1983, and thus the deadline to remove was November 30, 2007.  (Id.).  In opposition, Mohave County argues that "until such time as [the state court] actually granted the plaintiff's Motion to Reconsider, Count One was not removable because it had been dismissed." (Dkt. #13, pp. 2-3). Mohave County thus contends that the deadline for removal was triggered by the state court's January 24, 2008 order reviving Plaintiff's previously dismissed claim and allowing Plaintiff to amend her complaint "to fully and completely state a 42 U.S.C. § 1983 claim."  (Id., p.4).

An action may be removed to federal court if it could have been brought there in the first place. 28 U.S.C. § 1441(a) (2004) ("[A]ny civil action brought in a State court . . . may be removed by the defendant or the defendants" to federal court on the basis of federal question or diversity jurisdiction.); see Burk v. Medical Savings Ins. Co., 348 F.Supp.2d 1063, 1066 (D.Ariz. 2004) ("Federal courts may exercise removal jurisdiction only if jurisdiction existed over the suit as originally brought by the plaintiff."). As a general rule, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." ARCO

1
2
3

Environmental Remediation, L.L.C. v. Department of Health and Environmental Quality of the State of Montana, 213 F.ed 1108, 1113 (9th Cir. 2000) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

4
5
6
7
8
9
10
11
12
13
14

As such, "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). A defendant seeking to remove a case must file a notice of removal within thirty days after receipt of an "initial pleading" that reveals a basis for removal. Id.; 28 U.S.C. § 1446(b). If, however, no ground for removal is evident at the outset, the defendant may file a notice of removal within thirty days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); see also Harris, 425 F.3d at 696 (a notice of removal may be filed within thirty days from when a defendant may ascertain that removal is proper).

15
16
17
18
19
20
21

There is a strong presumption against removal, and the party seeking to remove the lawsuit bears the burden of establishing jurisdiction. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Federal jurisdiction must be rejected, and the case remanded to state court, if there is any doubt as to the right of removal in the first instance. See Bruemmer v. Hartford Accident & Idemnity Co., 2007 WL 1063164, at *1 (D.Ariz. 2007) (citing Gaus, 980 F.2d at 566).

22
23

In its January 24, 2008 order granting Plaintiff's motion to reconsider, the state court concluded that:

24
25
26
27

> [T]he Plaintiff is seeking damages for the removal of aggregate and, as such, falls within the purview of 42 U.S.C. 1983. . . . However, given the way the Complaint is drafted, and given the Defendant's right to have the matter removed to Federal District Court should they so desire as the Court is interpreting the Complaint as alleging damages for the taking of aggregate under 42 U.S.C. 1983 . . . [the Court orders] the Plaintiff to amend the Complaint as to Count One only to fully and completely allege damages under 42 U.S.C. 1983 . . . .

28

- 4 -

1    (Dkt. #13, p.2).  The Court agrees with the state court that Plaintiff's initial complaint did

2    not affirmatively reveal information sufficient to trigger removal based on a 42 U.S.C. §

3    1983 claim.  However, in her complaint, Plaintiff specifically prayed for judgment on her

4    claim for "governmental taking under eminent domain and inverse condemnation" under

5    Article II, Section 17 of the Arizona Constitution *and* the Fifth Amendment to the United

6    States Constitution. (Dkt. #1-10, p.4).  As such, although Plaintiff's complaint did not

7    affirmatively reveal that Plaintiff sought damages against Mohave County under 42 U.S.C.

8    § 1983, the complaint explicitly stated that Plaintiff sought damages under the Fifth

9    Amendment.  Indeed, "[w]hen a plaintiff specifically and intentionally raises a federal

10   question on the face of the complaint, the action is removable regardless of the vagueness of

11   the allegations. Simply put, where a plaintiff openly asserts a federal claim, the action

12   immediately becomes removable."  Scott v. Greiner, 858 F.Supp. 607, 610 (S.D.W.Va.

13   1994).  As such, the Court finds that Plaintiff's initial complaint affirmatively revealed

14   information sufficient to trigger removal based on federal question jurisdiction, i.e., the Fifth

15   Amendment to the U.S. Constitution.

16        The Court notes that Mohave County and the state court apparently construed

17   Plaintiff's "governmental taking under eminent domain and inverse condemnation" claim "to

18   be an unjust taking claim when it originally found Count One subject to Arizona's notice of

19   claim statute and dismissed it." (Dkt. #13, p.2 n.1).  Nonetheless, Plaintiff's initial complaint

20   clearly raised the "governmental taking under eminent domain and inverse condemnation"

21   claim under the Fifth Amendment to the U.S. Constitution as well as state law, and thus

22   Plaintiff specifically and intentionally raised a federal question on the face of her complaint.

23   As such, the action was removable at that time, regardless of whether Plaintiff's complaint

24   also inartfully plead a claim under 42 U.S.C. § 1983.

25        Although the Court understands that Mohave County might not have anticipated that

26   Plaintiff would seek to amend her complaint to add a § 1983 claim, Mohave County

27   intentionally chose to litigate the issue of whether Plaintiff's Fifth Amendment and state law

28   claim was subject to dismissal under Arizona's notice of claim statute in state court, rather

than to remove the case and litigate the issue in federal court.  In essence, it appears that Mohave County put all their eggs in one basket, seeking to dismiss Plaintiff's federal and state law claims in state court rather than federal court, due perhaps to a misconception that the County needed to remain in state court to seek dismissal of any federal claims that may have been subject to Arizona's notice of claim statute.  However, regardless of whether Plaintiff's federal claim, as initially construed, was subject to dismissal under Arizona's notice of claim statute, the Court is not convinced that Mohave County can now seek to remove the case, having failed to initially remove the case even though the complaint invokes federal question jurisdiction under the Fifth Amendment to the United States Constitution. See Dkt. #31, pp. 1-2, p.2 n.1.

The Court will not belabor this point – the complaint affirmatively sought judgment under the Fifth Amendment to the United States Constitution; that is sufficient to trigger removal based on federal question jurisdiction under 42 U.S.C. § 1446(b).  Mohave County did not attempt to remove the case until 696 days after the initial complaint was served (Dkt. #14, p.2 n.1); the time for removal of this action is long past.  The Court is simply not convinced that Mohave County did not have the right to remove this case under 42 U.S.C. § 1446(b) after its receipt of Plaintiff's original complaint.  As such, the Court must reject federal jurisdiction and remand this matter to state court. See Bruemmer, 2007 WL 1063164, at *1 (citing Gaus, 980 F.2d at 566).

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiff Leila Lee Johnson's motion to remand is GRANTED.  (Dkt. #12).

**IT IS FURTHER ORDERED** that Defendant County of Mohave's motion for summary judgment is deemed moot.  (Dkt. #15).

1    **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter

2    judgment accordingly.

3    DATED this 28th day of July, 2008.

4

5

6    _____

7    Mary H. Murgia
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28